THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA LUZ KIRBY,<br>6221 Arkendale Road<br>Alexandria, VA 22307<br><br>  v.                         *Plaintiff,*<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY;<br>245 Murray Ln. SW<br>Washington, DC 20528<br><br>ALEJANDRO MAYORKAS, in his official capacity as United States Secretary of Homeland Security;<br>245 Murray Ln. SW<br>Washington, DC 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS");<br>20 Massachusetts Ave NW<br>Washington, DC 20529<br><br>TRACY RENAUD, in her official capacity as Acting Director of the United States Citizenship and Immigration Services;<br>20 Massachusetts Ave NW<br>Washington, DC 20529<br><br>KIMBERLY ZANOTTI, in her official capacity as Director, USCIS Washington Field Office,<br>2675 Prosperity Ave.<br>Fairfax, VA 20598<br><br>                         *Defendants*. | Case No.<br><br><br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

## <u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURE ACT</u>

Plaintiff Maria Luz Kirby ("Mrs. Kirby" or "Plaintiff") brings this action to challenge

Defendant United States Citizenship and Immigration Services' ("USCIS") improper and unlawful

denial of her Form I-485, Application to Register Permanent Residence or Adjust Status ("I-485"). Specifically, Mrs. Kirby seeks to challenge USCIS's incongruous legal determination that she is somehow simultaneously both an individual who is (1) "not lawfully admitted for permanent residence" such that she cannot ever naturalize and obtain U.S. citizenship—but is also an individual who (2) "hold(s) lawful permanent resident status" such that she is prevented from ever adjusting her status to that of an alien lawfully admitted for permanent residence. USCIS's legally defective denial decision dated April 28, 2020 is not based upon any statute, regulation, case law, or even any policy memoranda that has ever been issued by the agency. Defendants' decision was purely made up out of whole cloth based upon a complete misunderstanding of the nature of Plaintiff's application. Because Defendants' decision is entirely unlawful and places Mrs. Kirby in an unconscionable legal Catch-22, the Court should overturn this decision.

## INTRODUCTION

1. This action asks the Court to enter declaratory judgment and injunctive relief against the above-named Defendants, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for Defendants' improper denial of Mrs. Kirby's Form I-485, Application to Register Permanent Residence or Adjust Status ("I-485").

2. Mrs. Kirby is eligible to adjust her status to that of a lawfully admitted permanent resident based on her marriage to her U.S. citizen husband, Mr. Vernon Edwin Kirby, Jr.

3. Generally, after a U.S. citizen and his or her foreign-national spouse marry, the U.S. citizen-spouse may file a Form I-130, Petition for Alien Relative, seeking classification of his or her foreign-national spouse as being married to a U.S. citizen. *See* 8 U.S.C. § 1154(a)(1)(A)(i);

8 C.F.R §§ 204.1(a)(1) and 204.2(a).

4. If the foreign national spouse is in the United States, they may concurrently file a Form I-485 Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS), to obtain lawful permanent residency under section 245 of the Immigration and Nationality Act (INA).

5. USCIS subsequently conducts an investigation into the relationship to determine whether the marriage is valid and *bona fide*. *See* 8 U.S.C. § 1154(a)-(b). If USCIS determines the marriage was entered into in good faith and is valid, the agency "shall" approve the petition. *See* 8 U.S.C. § 1154(b).

6. In this case, on April 24, 2020, USCIS approved the validity of Mrs. Kirby's marriage to her husband and, thus approved Plaintiff's I-130 petition. *See* Ex. 1.

7. But, on April 28, 2020, USCIS denied Mrs. Kirby's I-485 application because she was allegedly ineligible to adjust her status on the basis that she already "nominally hold(s) lawful permanent resident status." *See* Ex. 2.

8. USCIS reasoned that Mrs. Kirby had already been accorded lawful permanent residency on April 13, 2009 based on her prior marriage to her now-deceased former husband Josef Nelson Henderson. *Id.* Therefore, USCIS concluded that Mrs. Kirby could not "re-adjust" her status again when she was already a lawful permanent resident.

9. But, when Mrs. Kirby had applied for naturalization to U.S. citizenship status in 2018 on the basis of having had five years of lawful permanent residence, USCIS denied her application on the grounds that she was "not lawfully admitted for permanent residence" because her marriage to Josef Nelson Henderson was invalid at the time (albeit unbeknownst to Mrs. Kirby). *See* Ex. 3.

10.    USCIS's April 28, 2020 decision denying Mrs. Kirby's I-485 application to adjust status was manifestly erroneous as a matter of law because Defendants incorrectly concluded that Mrs. Kirby was trying to "re-adjust" to a status she already held even though USCIS had previously concluded on September 27, 2018 that Mrs. Kirby was never lawfully admitted for permanent residence.  Therefore, she was not trying to "re-adjust" to a status she already possessed, but was instead simply trying to adjust her status in the *first instance* to a status that USCIS stated that she did not lawfully possess.

11.    Moreover, USCIS did not cite to any statues, regulations, or case law to support its decision denying Mrs. Kirby's I-485 application because no such legal authority exists to support Defendants' decision.

12.    The only authority Defendants cited for the denial — Letter, Skerett, Chief Immigrant Branch Adjudications HQ 245-C (July 19, 1993), *reprinted in* 70 No. 34 *Interpreter Releases* 1172, 1186-87 — only states that "[t]here is no provision allowing an individual to *voluntarily renounce* lawful permanent resident status within the United States for the purpose of acquiring some other immigrant classification which he or she would prefer over the present classification . . . Nor do we see the need for allowing an individual to apply to change his or her class of admission for lawful permanent residence." *See* Ex. 4 (emphasis added).

13.    This memorandum only addressed the scenario of whether a person with lawful permanent residency could voluntarily renounce their current status and "re-adjust" again to lawful permanent residency on the basis of a different category of eligibility.  This memorandum did not at all address the question at hand in this case, which is whether a person who has been adjudicated by USCIS as having been "not lawfully admitted for permanent residence" can subsequently adjust their status to lawful permanent resident on the basis of a subsequent *bona fide* marriage to a U.S.

citizen.

14. USCIS's decision to deny Mrs. Kirby's application to adjust status is plainly erroneous and is unsupported by any legal authority. Moreover, it is fundamentally arbitrary and capricious in that Defendants are knowingly simultaneously employing two entirely inconsistent legal theories [i.e. a) she *is not* a lawful permanent resident such that she may be denied citizenship; but b) she *is* a lawful permanent resident such that she may be denied adjustment of status] to deny her any relief regardless of the application she files.

15. Finally, this is a case about a real human being who is a hard-working, tax-paying, mother to a U.S. citizen son, and wife to a U.S. citizen husband. These relatives both deeply love Mrs. Kirby and need her in their lives in the United States. Defendants' arbitrary and capricious actions have needlessly caused, and continue to cause, irreparable harm to Mrs. Kirby. Her entire life hangs in legal limbo indefinitely as she cannot obtain concrete status in the United States. The daily stress of possibly being torn away from her husband and son completely and unfairly hang over Mrs. Kirby's life and there is no legal basis to support this unconscionable outcome. Consequently, Mrs. Kirby is seeking declaratory and injunctive relief from this Court.

## **PARTIES**

16. Plaintiff, Mrs. Maria Luz Kirby, is a citizen and national of Argentina who resides in Alexandria, Virginia with her U.S. citizen husband, Mr. Vernon Edwin Kirby, Jr., and her son, Thomas Josef Kirby. Mrs. Kirby, the beneficiary of an approved I-130 filed by Mr. Kirby, is seeking to adjust her status based on her current marriage to a U.S. citizen.

17. Defendant, Department of Homeland Security ("DHS") is a federal agency responsible for administering the laws of Congress as to the approval or denial of immigration benefits under the INA and is the parent agency of U.S. Citizenship and Immigration Services.

18. Defendant, U.S. Citizenship and Immigration Services, is an agency of the federal government within the Department of Homeland Security and is responsible for the administration of laws and statutes governing immigration and naturalization and the adjudication of petitions for immigration benefits, including petitions for alien relatives and petitions for adjustment of status.

19. Defendant, Alejandro Mayorkas, in his official capacity as United States Secretary of Homeland Security, holds responsibility for the administration of applicable laws and statutes governing immigration and naturalization. He is charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of DHS. More specifically, the Secretary is responsible for the adjudication of petitions for immigration benefits, including petitions for alien relatives and petitions for adjustment of status.

20. Defendant, Tracy Renaud, is the Acting Director of U.S. Citizenship and Immigration Services, and is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration rules, services, policies, and priorities. These functions include the adjudication of petitions for immigration benefits, including petitions for alien relatives and petitions for adjustment of status.

21. Defendant, Kimberly Zanotti, is the Director of the USCIS Washington Field Office in Fairfax, Virginia, and is a federal officer acting within the parameters of her authority as the Washington Field Office decision maker concerning all petitions and applications for immigration benefits. In her official capacity, Defendant Zanotti was responsible for ensuring that Mrs. Kirby's I-485, Application to Register Permanent Residence or Adjust Status, would be adjudicated according to the lawful statutes and regulations of the United States.

**JURISDICTION AND VENUE**

22. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702. The Court also has federal question jurisdiction because this action arises under the Immigration and Nationality Act ("INA"). This Court has the authority to grant the requested relief in this matter pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 705 and 706; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

23. Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the Declaratory Judgment Act, 28 U.S.C. § 2201, provides that: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

24. Moreover, jurisdiction exists to review adjustment of status decisions where the denial decision is purely a question of law and the denial did not take place as a result of an exercise of agency discretion. *See Mawalla v. Chertoff*, 468 F. Supp. 2d 177, 178 (D.D.C. 2007); *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 50–51 (D.D.C. 2011); *Pinho v. Gonzales*, 432 F.3d 193, 203–04 (3d Cir. 2005); *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005); *Succar v. Ashcroft*, 394 F.3d 8, 19 (1st Cir. 2005); *Iddir v. INS*, 301 F.3d 492, 497–98 (7th Cir. 2002); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1141–43 (9th Cir. 2002).

25. Venue is proper under 28 U.S.C. § 1391(e) because this is a civil action brought against USCIS, an agency of the United States; and against Defendants, who are officers of the United States being sued in their official capacities. Further, a substantial part of the events or

omissions giving rise to this action occurred in the Washington Field Office of USCIS and Defendants reside in this District.

## STANDING

26.    Plaintiff Maria Luz Kirby has a legally protected interest in a correct decision by the Defendants on her I-485 application which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2).  Defendants' failure to issue this legally correct decision has caused Plaintiff concrete and particularized injury in that, as a result of this inaction, Plaintiff cannot live, work, travel abroad, or invest without great stress in the United States for fear that she may lose her tenuous status at any moment. In addition, there is a causal connection between the injury-in-fact and the Defendants' challenged behavior in that it is precisely the Defendants' erroneous legal adjudication of Plaintiff's I-485 application which prevents Plaintiff from legally living, working, travelling abroad, or investing without stress in the United States and it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Plaintiff to live, work, travel abroad, and invest freely in the United States. Accordingly, Plaintiff has standing to bring this action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.    USCIS's denial of Mrs. Kirby's I-485 application constitutes a final agency action that may be appealed to the federal court. *See Darby v. Cisneros*, 509 U.S. 137 (1993); *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997); *Chu Inv., Inc. v. Mukasey*, 256 Fed. App'x. 935 (9th Cir. 2007). Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal

of the denial.

28. Under 5 U.S.C. §§ 702 and 704, Mrs. Kirby has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## STATEMENT OF FACTS

29. Mrs. Maria Luz Kirby (*née* Maria Luz Gonzalez Ponce De Leon) is a 50-year-old citizen and national of Argentina who currently resides in Alexandria, Virginia. She was lawfully admitted to the United States on an F-1 student visa in 1996.

30. On November 19, 2001, Mrs. Kirby married U.S. citizen Joseph Nelson Henderson. On November 10, 2005, Mrs. Kirby gave birth to their son, Thomas Josef Henderson. Joseph Nelson Henderson subsequently died on June 28, 2006.

31. After Mr. Henderson's death, on July 3, 2007, Mrs. Kirby filed Form I-485, Application to Register Permanent Residence or Adjust Status, concurrently with Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("I-360"), a self-petition seeking to be classified as a widow of a U.S. citizen, in order to be eligible to receive a Green Card.

32. USCIS approved Mrs. Kirby's I-360 on July 20, 2007.

33. On April 13, 2009, USCIS approved Mrs. Kirby's I-485, granting her lawful permanent resident status as a widow in immigrant classification IW6.

34. On September 5, 2017, Mrs. Kirby filed a Form N-400, Application for Naturalization, to become a U.S. citizen. On May 4, 2018, she appeared for her USCIS naturalization interview to determine her eligibility for U.S. citizenship. On September 27, 2018, USCIS denied Mrs. Kirby's Application for Naturalization. *See* Ex. 3.

35. USCIS's reasoning for denying Mrs. Kirby's Application for Naturalization was that, on November 19, 2001, the date Mrs. Kirby married Joseph Nelson Henderson, he was also married to a woman named Edilia Lourdes Cerda—a fact unbeknownst to Mrs. Kirby until USCIS disclosed this revelation to her during her naturalization adjudication—17 years after she married Mr. Henderson.

36. Because Mr. Henderson was still legally married to someone else when he married Mrs. Kirby, it meant that his marriage to Mrs. Kirby was never legally valid, and consequently—according to USCIS—this meant that Mrs. Kirby could not demonstrate that she had ever been lawfully admitted for permanent residency.

37. USCIS's decision denying Mrs. Kirby's naturalization application specifically did not enter any finding that Mrs. Kirby acted in any inappropriate manner whatsoever. On the contrary, the decision explicitly made great effort to cite and emphasize the language of the "non-fraud" and "error" jurisprudence as its basis for denying Mrs. Kirby's citizenship application.

38. On October 22, 2010, Mrs. Kirby married U.S. citizen Vernon Edwin Kirby Jr. in Alexandria, Virginia. Mr. and Mrs. Kirby have now been married for over 10 years.

39. On November 9, 2018, Mr. Kirby filed an I-130 petition to permit Mrs. Kirby to become a lawful permanent resident on the basis of her marriage to a U.S. citizen. They also filed an I-485 application for adjustment of status to permit Mrs. Kirby to obtain lawful permanent residence in the United States.

40. On April 24, 2020, USCIS approved Mr. Kirby's I-130; but four days later, denied Mrs. Kirby's I-485 application to adjust her status to that of a lawful permanent resident. USCIS provided the following reasoning for their I-485 denial:

> USCIS acknowledges and understands that you wish to "re-adjust" to permanent resident status based on your subsequent re-marriage to Vernon Edwin Kirby Jr. On April 24, 2020, USCIS approved the Form 1-130 Mr. Kirby filed for your benefit. However, since you nominally hold lawful permanent resident status, in spite of the legal defect in your status, you are ineligible to "re-adjust" on a different basis. See Letter, Skerett, Chief Immigrant Branch Adjudications HQ 245-C (July 19, 1993), reprinted in 70 No. 34 Interpreter Releases 1172, 1186-87.
>
> The evidence of record shows that, when you filed your application, you were present in the United States pursuant to a facially valid Form 1-551, Permanent Resident Card.

41. Under the logic of USCIS's decision, Mrs. Kirby is now in an anomalous immigration status. She is only considered a lawful permanent resident when it is convenient for Defendants to deny her ability to adjust her status to that of lawful permanent residency, but she is not considered a lawful permanent resident for naturalization purposes.

42. USCIS's April 28, 2020 decision denying Mrs. Kirby's I-485 application for adjustment of status was manifestly erroneous as a matter of law because Defendants incorrectly concluded that Mrs. Kirby was trying to "re-adjust" to a status she already held. This conclusion was false because USCIS had previously concluded on September 27, 2018 that Mrs. Kirby was never lawfully admitted for permanent residence. Therefore, Mrs. Kirby was simply trying to adjust her status in the *first instance* to a status that USCIS stated that she did not currently lawfully possess, and was not trying to "re-adjust" to a status she already had.

43. Moreover, USCIS did not cite to any statues, regulations, or case law to support its decision denying Mrs. Kirby's I-485 application because no such legal authority exists to support Defendants' decision.

44. The only authority Defendants cited for the denial — Letter, Skerett, Chief Immigrant Branch Adjudications HQ 245-C (July 19, 1993), *reprinted in* 70 No. 34 *Interpreter Releases* 1172, 1186-87 — only states that "[t]here is no provision allowing an individual to <u>*voluntarily renounce*</u> lawful permanent resident status within the United States for the purpose of acquiring some other immigrant classification which he or she would prefer over the present classification . . . Nor do we see the need for allowing an individual to apply to change his or her class of admission for lawful permanent residence." *See* Ex. 4 (emphasis added).  This memorandum did not all address the question at hand in this case, which is whether a person who has been adjudicated by USCIS as having been "not lawfully admitted for permanent residence" can subsequently adjust their status to lawful permanent resident on the basis of a subsequent *bona fide* marriage to a U.S. citizen.

45. USCIS's decision to deny Mrs. Kirby's application to adjust status is plainly erroneous and is unsupported by any legal authority.  Moreover, it is fundamentally arbitrary and capricious in that Defendants are knowingly simultaneously employing two entirely inconsistent legal theories [i.e. a) she *is not* a lawful permanent resident such that she may be denied citizenship; but yet b) she *is* a lawful permanent resident such that she may be denied adjustment of status] to deny her relief regardless of the application she files.

46. Finally, as stated above, this is a case about a real human being who is a hard-working, tax-paying, mother to a U.S. citizen son, and wife to a U.S. citizen husband, who both deeply love her and need her in their lives in the United States.  Defendants' arbitrary and capricious actions have needlessly caused, and continue to cause, irreparable harm to Mrs. Kirby.  Mrs. Kirby hangs in legal limbo indefinitely and cannot obtain concrete status in the United States.  The daily stress of possibly being torn away from her husband and son completely and unfairly

hang over Mrs. Kirby's entire life and there is no legal basis to support this unconscionable outcome. Consequently, Mrs. Kirby is seeking declaratory and injunctive relief from this Court.

## FIRST CLAIM FOR RELIEF

**(Agency Action that is Arbitrary and Capricious, an Abuse of Discretion, and Otherwise Not In Accordance with Law in Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A))**

47. Plaintiffs re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 46 above.

48. This Court may hold unlawful and set aside agency action that, *inter alia*, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

49. USCIS's denial is arbitrary and capricious because Defendants are knowingly simultaneously employing two entirely inconsistent legal theories [i.e. a) she *is not* a lawful permanent resident such that she may be denied citizenship; but yet b) she *is* a lawful permanent resident such that she may be denied adjustment of status] to deny her relief regardless of the application she files.

50. USCIS's decision to deny Mrs. Kirby's application to adjust status is also plainly erroneous and is unsupported by any legal authority

51. Given USCIS's legal conclusion in Mrs. Kirby's naturalization case that she was not lawfully admitted for permanent residence, there was no basis for USCIS to deny her I-485 application for adjustment of status, and the agency is now required to allow her to adjust her status to that of lawful permanent resident status.

52. Defendants' violation caused harm and continues to cause harm to Mrs. Kirby.

## SECOND CLAIM FOR RELIEF

**(Relief Requested Seeking Reversal of Plaintiff's I-485 Denial under the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*)**

53. Plaintiffs re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 46 above.

54. Plaintiff alleges that she is eligible to adjust her status based on her approved I-130, filed by her husband Mr. Vernon Kirby, given that Mrs. Kirby has been adjudicated by USCIS to be an individual who is "not lawfully admitted for permanent residence."

55. USCIS's decision to deny Mrs. Kirby's application to adjust status is plainly erroneous and is unsupported by any legal authority

56. Plaintiff further alleges that Defendants' denial of her I-485 was erroneous as a matter of law and should be overturned.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

(1) Declare that the USCIS denial is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A);

(2) Enter judgement in the favor of Plaintiff Maria Luz Kirby and against the Defendants, finding that the acts of the Defendants complained of herein are in violation of law, and issue an order reopening and granting Mrs. Kirby's I-485 Application to Register Permanent Residence or Adjust Status, as having been properly and timely filed in accordance with the law and having met all legal and

evidentiary requirements;

(3)   To enter an order directing Defendants and their agents to issue immediately all necessary and appropriate documents to Plaintiff to evidence the approval of Plaintiff's I-485;

(4)   To award Mrs. Kirby with lawful permanent residency as of April 28, 2020, the date of the original denial decision in this case;

(5)   To enter an order awarding Plaintiff her attorneys' fees and costs; and

(6)   To enter an order granting such other relief as the Court may deem just, equitable, and proper including discovery into why Defendants improperly denied this case, who issued the order to deny this case, and on what basis was the case denied.

Dated: February 17, 2021

Respectfully submitted,

/s/ Leon Fresco
Leon Fresco, Esq.
Holland & Knight, LLP
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone: (202) 469-5129
Fax: (202) 955-5564
Email: leon.fresco@hklaw.com

*Counsel for Plaintiff*